# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40919
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLIFFTON TERAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-1140-2

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cliffton Teran appeals his guilty plea conviction of possession with intent to distribute a quantity exceeding 50 grams, that is, approximately 15.66 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. Teran was sentenced to a term of 300 months of imprisonment and five years of supervised release. He argues on appeal that the district court erred by denying his motion to withdraw his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40919

A defendant may withdraw his guilty plea after it is accepted by the district court and prior to sentencing for "any fair and just reason."  *See* FED. R. CRIM. P. 11(d)(2)(B); *United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997).  However, "[t]here is no absolute right to withdraw a guilty plea."  *Grant*, 117 F.3d at 789.  In reviewing the denial of a motion to withdraw a guilty plea, this court traditionally considers seven relevant, nonexclusive factors: whether the defendant asserted his innocence; whether withdrawal would prejudice the Government; whether the defendant delayed in filing the withdrawal motion; whether withdrawal would inconvenience the court; whether adequate assistance of counsel was available; whether the plea was knowing and voluntary; and whether withdrawal would waste judicial resources.  *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).  We review the district court's decision on this issue for an abuse of discretion.  *Id.* at 344.

Given the basis of Teran's motion to withdraw and his arguments in support, Teran's lengthy delay from October 2016, when he pleaded guilty, until August 2017, when he filed the instant motion to withdraw his guilty plea, does not warrant withdrawal of the guilty plea.  *See Carr,* 740 F.2d at 345.  In fact, such a significant delay indicates that Teran's reasons in support of the motion must be more substantial.  *Id.* at 344.

Nonetheless, Teran's only assertion of innocence, *see Carr*, 740 F.3d at 343-44, was made through counsel, at the sentencing hearing, and it was made without supporting facts.  The assertion of innocence was also equivocal, as Teran subsequently clarified at the sentencing hearing that he did not claim to be innocent of the conduct to which he pleaded guilty.  Such an assertion of innocence, equivocal and without factual support, is insufficient to provide a basis for withdrawing a guilty plea.  *See id.* at 344.  The record also reveals that Teran's plea was knowing and voluntary, and Teran concedes that he

2

received adequate assistance of counsel in the district court. *See id.* Additionally, Teran offers no argument to refute the Government's contention that withdrawal would result in prejudice, nor does he address whether withdrawal would inconvenience the district court and waste judicial resources. *See id.*

Accordingly, the district court's denial of Teran's motion to withdraw his guilty plea was not an abuse of discretion. *See id.* The judgment of the district court is AFFIRMED.